# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE TUMBLESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV02757 ERW |
| | ) | |
| L.J. ROSS ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Second Motion to Compel Responses to Plaintiff's Interrogatories and Requests for Production [ECF No. 18]. In her motion, Plaintiff Monique Tumbleson ("Plaintiff") seeks to compel discovery from Defendant L.J. Ross Associates, Inc. ("Defendant") to Plaintiff's Interrogatories nos. 2, 3, 5-14, 16, 18-19, and 21, and Plaintiff's Requests for Production of Documents nos. 2-4, 6, 10, 13-20, 26, and 31-33. According to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Compel [ECF No. 37], the only Interrogatories which remain in dispute are nos. 2-3, 6, 8, 11, 13-14, 18-19, and 21, and the only Requests for Production which remain in dispute are nos. 4, 6, 14-17, 26, 32, and 33.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Armstrong v. Hussmann Corp.,* 163 F.R.D. 299, 302 (E.D. Mo. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

Plaintiff contends that the outstanding discovery is relevant to two categories of Defendant's affirmative defenses.

First, in Interrogatories nos. 13, 14, 18 and 19, and in Requests for Production nos. 4 and 14-17, Plaintiff seeks discovery related to Defendant's affirmative defense that any violation of federal or state law was unintentional and the result of a bona fide error [ECF No. 8]. The discovery sought in these requests is clearly discoverable in this matter. Defendant shall submit responses and documents to Plaintiff's requested discovery no later than September 14, 2018.

Second, in Interrogatories nos. 2-3, 6 and 8, and Requests for Production nos. 6, 26, and 32-33[1], Plaintiff seeks discovery related to Defendant as a debt collector under the Fair Debt Collection Practices Act ("FDCPA") [ECF No. 37]. However, Defendant admitted that fact in their Answer [ECF No. 8, paragraph no. 7]. Based on the briefing submitted to the Court, the Court cannot determine which discovery responses are outstanding related to the aforementioned requests. The parties have fourteen days from the date of this order to meet and confer regarding this outstanding discovery. In the event the parties cannot come to an agreement, a Motion to Compel may be filed.

Defendant objects to the production of certain discovery claiming the requests seek proprietary and confidential information [ECF No. 18-1]. No discovery should be withheld because of this objection as a Protective Order was entered on July 5, 2018 [ECF No. 31].

Finally, Interrogatories 11 and 21 are contention interrogatories and pursuant to FRCP 33(a)(2) these interrogatories must be answered within 10 days after the close of discovery.

---

[1] In Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Compel [ECF No. 37], Plaintiff seeks additional discovery on Request for Production 24. However, this request was not made in Plaintiff's Second Motion to Compel [ECF No. 27] and therefore will not be addressed by the Court.

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel responses to Plaintiff's Interrogatories and Requests for Production [ECF No. 27] is **GRANTED, in part,** and **DENIED, in part**.

Dated this 30th Day of August, 2018.

                                                          E. RICHARD WEBBER
                                                          SENIOR UNITED STATES DISTRICT JUDGE